IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01174-MSK-MEH

FERROTEC, INC.,

        Plaintiff,

v.

CUMMINS, INC., f/k/a Cummins Engine Company, Inc.,
CUMMINS ELECTRONICS COMPANY, INC.,
CUMMINS VENTURE CORPORATION,
ROBERT BENJAMIN BUSH, and
JOHN DOES 1-5,

        Defendants.
_____

**OPINION AND ORDER DENYING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss (**# 18**), and the Plaintiff's response (**# 27**),[1] and the Defendants' reply (**# 29**).[2]

**FACTS**

According to the Amended Complaint (**# 4**), the Plaintiff owns patent rights to a device called a "Capacitance Type Torque Sensing Tachometer" (hereinafter "TST"). On June 23, 1987, the Plaintiff entered into a contract with the Defendants,[3] granting the Defendants a license to

---

[1] Docket # 28 appears to be identical to Docket # 27.

[2] The Court's docket reflects that Docket # 12, Defendants' Unopposed Motion to Seal, remains pending, notwithstanding the Defendants' Motion to Withdraw (**# 26**) the motion to seal. The Court grants the Motion to Withdraw, and deems the Motion to Seal to be withdrawn. Consequently, the Clerk of the Court shall unseal Docket # 13-17.

[3] The Amended Complaint indicates that the 1987 agreement was between the Plaintiff and Defendant Cummins Electronics Co., and that a subsequent agreement was made between the

manufacture and sell TSTs. The parties entered into a second contract on December 23, 1988, modifying the royalties payable under the 1987 agreement and exchanging additional consideration. The terms of the agreements provided that the Defendants would prosecute and protect the Plaintiff's patents, would deduct any amounts spent prosecuting and protecting the patent from royalties due to the Plaintiff, and that the Defendants would keep confidential certain information disclosed to them by the Plaintiff.

The Amended Complaint initially alleged seven claims for relief, but the Plaintiff's response to the Motion to Dismiss indicates that the Plaintiff is dismissing all claims except the first claim for relief, sounding in breach of contract. That claim alleges that the Defendants breached the 1987 and 1988 agreements by failing to prosecute the patents, by failing to pay royalties due, and by failing to "perform other agreed upon obligations."

The Defendants filed the instant Motion to Dismiss **(# 18)**, arguing that: (i) the claim is untimely under Indiana law; and (ii) the Plaintiff fails to state a claim for breach of contract by not adequately alleging a breach or resulting damages. The Plaintiff responds **(# 27)**, arguing that: (i) each failure to pay a royalty as required under a contract constitutes a new wrong under Indiana law, making some of the royalty payments missed by the Defendants actionable; and (ii) that the Amended Complaint adequately alleges the elements of breach and damages. Upon reply **(# 29)**, the Defendants contend that: (i) no royalty obligations arose within the period subject to the applicable statute of limitations because the agreements permitted the Defendants to unilaterally downgrade their license and avoid royalty obligations; (ii) the contracts did not require the

---

Plaintiff and a different corporate entity. Because the issues to be resolved on the instant motion do not turn on the identity of any particular Defendant, the Court will refer to the Defendants collectively except as may be necessary.

Defendants to defend the patents; (iii) that any royalty obligations ceased upon the expiration of the patents; and (iv) that the claims withdrawn by the Plaintiff should be dismissed with prejudice.

## ANALYSIS

### A. Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

The parties have an initial dispute as to whether the Court can consider the contents of the agreements themselves, with the Plaintiff contending that, because it opted not to attach the agreements, the Court cannot consider them without converting the motion into one for summary judgment. *See GFF Corp.*, 130 F.3d at 1384-85 ("If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document

upon which the plaintiff relied"). Although the Plaintiff acknowledges that "if documents are referred to in a pleading," they may be considered, *Docket # 27 at 5*, it does not explain how the agreements themselves – which are repeatedly referred to in the Complaint and are at the core of the breach of contract claim – somehow fall outside of this rule.[4] In any event, it is clear that the agreements themselves are matters central to the Complaint that the Court may consider on this Rule 12 motion.

### B. Timeliness

The parties appear to agree that Indiana's substantive law, including its 10-year statute of limitations for breach of contract, Ind. Code § 34-11-2-11, applies to the breach of contract claim. Under Indiana law, a claim for breach of contract accrues when the plaintiff knew or should have known that an injury had been sustained. *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 929-30 (Ind. App. 2003); *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. App. 2003). Timeliness is an affirmative defense under Indiana law, and thus, the Defendants bear the burden of establishing that the action was commenced outside the statutory period. *Garneau v. Bush*, 838 N.E. 2d 1134, 1140 (Ind. App. 2005).

The Plaintiff defends the timeliness of its breach of contract claim by referring solely to its allegation that the Defendants breached the agreements by not paying royalties.[5] It contends that each failure of the Defendants to make scheduled royalty payments under the agreements

---

[4]The Plaintiff's brief appears to suggest that issues concerning what matters the Court can consider on a motion to dismiss is governed by Indiana law. How this constitutes a rule of substantive law to which this Court would apply state law under the *Erie* doctrine, rather than one of procedure for which federal law controls, is not specifically addressed by the Plaintiff.

[5]The Court cannot infer from the allegations in the Complaint the date that claims for the alleged breach of the obligation to defend the patent or the unspecified failure to "perform other agreed upon obligations" occurred, and thus, renders no opinion as to the timeliness of the breach of contract claim with respect to these matters.

constitutes a distinct injury for which the statute of limitations begins running as of the date of nonpayment. *See e.g. Wedel v. American Elec. Power Svc. Corp.*, 839 NE.2d 1236, 1249 (Ind. App. 2005) ("Generally, where an obligation is payable in installments . . . the statute of limitations runs as to each installment, or exercise, as it becomes due"). The Defendants do not dispute that unpaid royalty obligations arising after June 23, 1995, if owed, fall outside the limitations period. Instead, they assert that no royalty payments were due under the agreements in 1995 because the contract conferred upon the Plaintiff the right, in the event of breach, to downgrade the Defendants' license to a nonexclusive one, thereby relieving the Defendants of any royalty obligations as of their refusal to make royalty payments beginning in 1993.

In support of this contention, the Defendants point to a clause of the 1987 agreement reads "In the event the royalties paid to [the Plaintiff] . . . are less than the minimum amounts set forth in the schedules below and [the Defendants do] not . . . pay the [minimum] amount, [the Plaintiff] shall have the right to convert the grant in Section 1.1 to nonexclusive." The quoted language does not expressly state that the parties intended this to be the Plaintiff's <u>sole</u> remedy for nonpayment of the minimum[6] royalty amount, nor does it state that downgrading the license relieved the Defendants of the entirety of their royalty obligations. Moreover, it states that the Plaintiff "shall have the right" to downgrade the license; it does not command the Plaintiff to exercise that right. Finally, nothing in the Complaint alleges that the Plaintiff did, indeed, invoke its right to downgrade the license prior to June 23, 1995.[7] Thus, the Defendants have failed to

---

[6]Remarkably, the Defendants allege elsewhere that "the Agreements did not guarantee any minimum royalty payments," *Docket* # 29 at 2, notwithstanding the clear language in the quoted text that a minimum royalty amount was part of the agreement.

[7]In its responsive brief, the Plaintiff does appear to contend that it "requested that the two contracts . . . be converted to a non-exclusive license," *Docket* # 27 at 2, but as the Defendants note in their reply brief, this allegation does not appear in the Complaint. *See Docket* # 29 at 6 n.

show that the contract necessarily prevents any royalty obligations from arising after June 23, 1995, and have therefore failed to establish that the breach of contract claim, as it relates to the payment of royalties, is untimely.[8]

Finally, the Defendants argue that *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), prevents the Plaintiff from claiming royalties after the patents in question expired. The Defendants contend that *Brulotte* stands for the proposition that a patentee's attempt to collect royalties for a patent after that patent expires is "unlawful per se." *Docket* # 29 at 8. Because the date that the patents expired is not found in the Complaint or the agreements, the Court does not consider it for purposes of a motion to dismiss. Whether the Defendants have correctly read *Brulotte* and whether that case deprives the Plaintiff of a claim for royalties after June 23, 1995 are matters that must await a properly presented summary judgment motion.

### C. Failure to state a claim

Finally, the Defendants make a perfunctory argument in their initial motion that the Plaintiff failed to adequately plead the elements of breach and damages. It appears that this is simply another version of the Defendants' argument that the agreements did not require the payment of royalties following default. To the extent this is the case, in accordance with the preceding discussion, the Court considers such argument to be without merit at this stage. Otherwise, the Court finds sufficient allegations of breach and damages. *See Docket* # 4 at 35, 36, 44.

### D. Dismissal of withdrawn claims

---

6. Accordingly, the Court does not consider it at this time.

[8]The Defendants make numerous assertions of fact in their motion that are not found in the Complaint or the agreements. Rather than convert this motion to one for summary judgment, the Court merely disregards those extraneous factual assertions.

The Defendants also argue that the claims withdrawn by the Plaintiff should instead be dismissed with prejudice, insofar as the Defendants contend that their arguments as to the untimeliness of those claims motivated the Plaintiff to withdraw them. The Court declines to speculate as to the Plaintiff's motivations. In any event, if the Defendants are correct, the strictures of Rule 11(b) should be sufficient to ensure that the Plaintiff does not refile the claims elsewhere.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 18)** is **DENIED**. The Defendants' Unopposed Motion to Withdraw **(# 26)** their Motion to Seal is **GRANTED**, and the Defendants' Motion to Seal **(# 12)** is **DEEMED WITHDRAWN**. The Clerk of the Court shall unseal Docket # 13-17.

Dated this 1st day of September, 2006

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge