IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01174-MSK-MEH

FERROTEC, INC.,

    Plaintiff,

v.

CUMMINS, INC., f/k/a Cummins Engine Company, Inc.,
CUMMINS ELECTRONICS COMPANY, INC.,

    Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Summary Judgment **(# 50)**, the Defendants' response **(# 55)**, and the Plaintiff's reply **(# 56)**; and the Defendants' Motion for Summary Judgment **(# 51)**, the Plaintiff's response **(# 54)**, and the Defendants' reply **(# 57)**.

## FACTS

The Amended Complaint **(# 4)** alleges that, beginning in or about 1987, the Defendants (collectively, "Cummins") licensed certain patented technology from the Plaintiff. As relevant herein, the parties entered into two separate contracts: a "Development Agreement," and a "Licensing Agreement."

The sole remaining claim in this action is one for breach of contract. That claim, in turn, implicates three separate contractual provisions that the Plaintiff alleges have been breached.

1

First, the Plaintiff alleges that Cummins has breached the Licensing Agreement by failing to pay the minimum royalties called for by that agreement. The Licensing Agreement, *Docket* # 53-7, provides in Section 4.1 that Cummins would pay certain specified royalties to the Plaintiff for each item it sold. It is undisputed, however, that no sales were ever made. Section 4.2 of the Licensing Agreement, encaptioned "Minimum Royalties," provides that "In the event that royalties paid to [the Plaintiff] during any calendar year are less then the minimum amounts set forth in the schedules below and [Cummins] does not within thirty (30) days after the end of the calendar year, pay the amount which, when added to such royalties, equals the minimums, [the Plaintiff] shall have the right to convert the grant [of exclusive license] in Section 1.1 to nonexclusive." *Id.* at 9.

Second, the Plaintiff alleges that Cummins "failed to prosecute and protect" the Plaintiff's patents, in violation of Section 4.2 of the Development Agreement. That provision states that "If requested by [Cummins], [the Plaintiff] agrees to do all things proper and necessary, at [Cummins'] sole expense, to obtain patents . . . on any inventions, processes, products or writing developed or produced by [the Plaintiff] under this Agreement." *Docket* # 53-27 at 25. The Plaintiff alleges, and it is apparently undisputed, that Cummins did not pay "maintenance fees" on the Plaintiff's patent, thereby allowing it to expire.

Finally, the Plaintiff alleges that Cummins "fail[ed] to perform other agreed upon obligations" in the contracts. This allegation appears to be limited to an assertion that Cummins violated Section 4.5 of the Development Agreement, which states that "[Cummins] shall disclose to [the Plaintiff] any developments made by [Cummins] relating to torque sensing devices during the term of this Agreement; <u>provided, however,</u> that (i) no such disclosure shall constitute a grant

of any rights therein to [the Plaintiff] and (ii) all such disclosure shall be governed by the confidentiality provisions" elsewhere in the agreement. *Id.* at 26-27. It is undisputed that Cummins developed improvements to the torque sensing devices at issue during 1989 and 1990, but did not disclose such developments to the Plaintiff. Cummins obtained patents from the United States Patent Office on these improvements in 1989 and 1991.

The Plaintiff filed a motion for summary judgment **(# 50)**, alleging that, in light of the foregoing facts, it was entitled to summary judgment on its breach of contract claim. Cummins also filed a motion for summary judgment **(# 51)**, alleging it was entitled to summary judgment on the Plaintiff's claim based on the same facts.

## ANALYSIS

### A. Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion,

a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party is the party with the burden of proof at trial, it must come forward with sufficient evidence on each of the elements of its claim(s), and the non-movant may avoid summary judgment by offering evidence establishing a genuine dispute of fact with regard to one or more of those elements. *Id.*

### B. Royalties

The parties' Licensing Agreement states that royalties will be paid based upon actual sales incorporating the Plaintiff's technology. It is undisputed that no such sales were made, and thus, no actual royalties were payable under the contract. Section 4.2 of the Licensing Agreement provides that if the actual royalties paid to the Plaintiff are less than certain minimum amounts, and Cummins does not make an additional payment of royalties to bring the total amount of royalties paid to the stated minimum, the Plaintiff shall have the right to deem Cummins' license to be non-exclusive. It is clear that a conversion of Cummins' license to non-exclusivity is the sole remedy the Licensing Agreement gives the Plaintiff if Cummins' annual royalty payments do not reach the stated threshold. Put differently, the Plaintiff points to nothing in the Licensing

Agreement or elsewhere that declares that Cummins has any independent contractual obligation to pay royalties beyond those called for based on actual sales.

Curiously, the Plaintiff offers no meaningful argument to explain its position that the Licensing Agreement somehow requires Cummins to make annual payments based on the table in Section 4.2. In its initial motion, the entirety of its argument on this point is that "The contract speaks for itself." *Docket* # 50 at 6. The Plaintiff's response and reply briefs add only slightly more heft, and taken as a whole, the Plaintiff's argument appears to boil down to a simple, albeit unstated, premise: Section 4.2's reference to "minimum" royalties implies that Cummins' duty to pay royalties on products sold is coupled with a promise of "minimum" amounts, and because the Plaintiff did not receive those minimum amounts, Cummins must be in breach. Assuming this to be the heart of the Plaintiff's argument it is patently without merit. The only contractual sanction for failing to make minimum royalty payments is expressly stated – the Plaintiff has the right to convert Cummins' exclusive license to a non-exclusive one. The contract is not susceptible to any other interpretation.[1]

---

[1] The Plaintiff cites to this Court's August 31, 2006 Order **(# 38)** denying Cummins' motion to dismiss. There, the court noted that Section 4.2 "does not expressly state that the parties intended this to be the Plaintiff's sole remedy for nonpayment of the minimum royalty amount." *Id.* at 5. Of course, the Court's finding upon a cursory review of the agreement (a review, the Court notes, the Plaintiff did not want the Court to undertake, *see id.* at 3-4) in order to determine whether any conceivable set of facts could be proven that would permit the Plaintiff to state a claim requires far less searching analysis of the contract than the Court undertakes upon a full factual record at the time of summary judgment. Having conducted that more searching inquiry, the Court observes that although its statement in the August 31, 2006 Order is technically correct – Section 4.2 does not expressly use the word "sole" in identifying a conversion of Cummins' license to non-exclusive as the remedy for nonpayment of minimum royalty amount – Cummins is nevertheless correct that there is no other provision anywhere in the contract that supports the Plaintiff's assertion that the contract requires such minimum payments unless Cummins wished to retain exclusivity..

Because it is undisputed that Cummins had no obligation to make minimum royalty payments (unless it wanted to keep its license exclusive), Cummins is entitled to summary judgment on the breach of contract claim to the extent it is founded upon the failure to pay royalties.

### C. Protection of the Plaintiff's patents

It is not clear whether the Plaintiff intends the remaining alleged breaches to constitute independent claims. The Plaintiff admits in its response that "the source of compensatory damages in this case is the Defendants' failure to pay royalties." and that the remaining two issues – protection of the patent and disclosure of further modifications – "are not independent claims for compensatory damages." *Docket* # 54 at 9. Rather, these latter two claims appear to be asserted solely to provide a predicate for the award of punitive damages. Because the Plaintiff fails on the royalty claim, there is no reason to address claims for which no damages are sought. Nevertheless, these claims are also without merit.

With regard to the duty to protect the Plaintiff's patent, the Plaintiff contends that the Cummins breached Section 4.2 of the Development Agreement by failing to pay maintenance fees to keep the patent alive. The Plaintiff misreads that section, which merely requires that the Plaintiff, at the request of Cummins, obtain patents on any of its inventions developed under the agreement, and that Cummins would bear the expenses of obtaining such patents. The cited section says nothing whatsoever about Cummins' obligation to maintain such patents after the Plaintiff obtains them. There is no indication in the Development Agreement that the parties agrees as to who would bear the costs of maintaining the patents after they were issued, and thus, the Plaintiff cannot show that Cummins breached the agreement by failing to do so.

6

### D. Disclosure of developments

Finally, with regard to the Plaintiff's claim that the Defendants breached the contract by failing to disclose to the Plaintiff any developments it made relating to the torque sensing device, it appears to be undisputed that Cummins made such developments, and there is apparently a dispute of fact as to whether it reported such developments to the Plaintiff in accordance with Section 4.5 of the Development Agreement. Ordinarily, this would require a trial of this "claim," to the extent the Plaintiff asserts it as an independent grounds for relief.

However, to the extent this alleged breach stands as an independent claim, Cummins is correct that it is untimely. The Plaintiff contends that, pursuant to the parties' agreements, the contract claims in this case are governed by Indiana law. Indiana recognizes a 10-year statute of limitations on contract claims, running from the date the Plaintiff knew or should have known of any injury. *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 929-30 (Ind. App. 2003); *Del Vecchio v. Conseco, Inc.,* 788 N.E.2d 446, 449 (Ind. App. 2003). Because the claim relates to a failure to disclose, the date the Plaintiff learned the details of the Defendants' developments would also be the date upon which the Plaintiff would have known what injuries it had suffered as a result of not having known of those developments earlier. It is undisputed that the product advancements that Cummins failed to disclose were the subject of publicly-available patents issued no later than 1991. Thus, any claim relating to a failure to disclose was rendered untimely by the year 2001, four years before this action was commenced. The Plaintiff does not directly address the timeliness of this claim in responding to the Defendants' motion, stating only that "it is not an independent claim for compensatory damages, so the statute of limitations is irrelevant." Thus, Cummins is entitled to summary judgment on this "claim" as well.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment **(# 50)** is **DENIED** in its entirety, and Cummins' Motion for Summary Judgment **(# 51)** is **GRANTED**. Judgment in favor of Cummins shall enter simultaneously with this Order.

Dated this 9th day of May, 2007

                                            **BY THE COURT:**

                                            *Marcia S. Krieger*
                                            _____

                                            Marcia S. Krieger
                                            United States District Judge